UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| ALPHONSO SYVILLE, et al., | |
|---|---|
| Plaintiffs, | |
| -against- | 1:20-CV-0570 (CM) |
| NEW YORK CITY OF NEW YORK, et al., | ORDER |
| Defendants. | |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Alphonso Syville appears *pro se*; he has signed the complaint and the Court has granted his application to proceed *in forma pauperis* ("IFP"). The complaint asserts that this action should proceed as a class action. Attached to the complaint is a document that states:

> We the MICA Homeless Clients at Fort Washington Shelter for Single Adult Men give permission to Alphonso Syville, our Client Advocate[,] to advocate on our behalf about our rights being violated at Fort Washington.
>
> So[me] of us [are] old, in wheelchairs, uneducated and it's hard for some of us to write. So we will tell Syville what to write for us and sign and print our names where they [are] suppose[d] to go.

(ECF 2, at 8.)

Several individuals have signed that document (*id.* at 9), though they have not signed the complaint. And some of them are among the 28 individuals, in addition to Syville, who are listed as plaintiffs in this action and have each filed a signed IFP application. (*See id.*; ECF 4-31.)

For the reason discussed below, the Court dismisses without prejudice any claims Syville asserts on behalf of any other individual, and the Court denies the request for this action to proceed as a class action. The Court grants each of the 28 individuals, other than Syville, who are listed as plaintiffs in this action 30 days' leave to each file a declaration in which they each assert

that they are a plaintiff in this action, that they are appearing *pro se* (representing themselves), and that they agree with what is alleged in the complaint.

## DISCUSSION

**A.     Claims on behalf of others**

This action cannot proceed as a class action, and Syville cannot assert claims on behalf of any individual other than himself. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). Because a nonlawyer cannot bring suit on behalf of others, a nonlawyer *pro se* plaintiff cannot act as a class representative. *Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 471 (2d Cir. 2004) (summary order) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)); *Phillips v. Tobin*, 548 F.2d 408, 412-15 (2d Cir. 1976).

Syville does not allege that he is an attorney. Accordingly, because Syville may only represent himself, not others, the Court denies the request to proceed with this action as a class action. For the same reason, the Court dismisses without prejudice any claims Syville asserts on behalf of any individual other than himself.

**B.     Rule 11(a)**

Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see* Local Civil Rule 11.1(a). The United States Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

None of the individuals listed as plaintiffs, other than Syville, has signed the complaint. If any of those individuals – an individual, other than Syville, who has submitted an IFP application – wishes to remedy this deficiency and proceed *pro se*, he must complete, sign, and submit a separate attached declaration form within 30 days of the date of this order. In doing so, he will certify that he is a plaintiff in this action, that he is appearing *pro se*, and that he agrees with what is asserted in the complaint.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to each of the individuals listed as plaintiffs, with the exception of Alphonso Syville, and note service on the docket. Syville has consented to electronic service of Court documents. (ECF 3.)

The Court denies the request for this action to proceed as a class action.

The Court also dismisses without prejudice any claims Syville asserts on behalf of any other individual.

The Court grants those individuals listed as plaintiffs, other than Syville, leave to each file a completed and signed separate declaration in which they each declare that they are a plaintiff in this action, that they are appearing *pro se*, and that they agree with what is alleged in the complaint. Each declaration must be filed within 30 days of the date of this order.

A declaration form is attached to this order.

No summons shall issue at this time. If an individual who is listed as a plaintiff, other than Syville, fails to file a declaration within the time allowed, the Court will dismiss that individual's claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: February 25, 2020
        New York, New York

                                      COLLEEN McMAHON
                               Chief United States District Judge