UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALPHONSO SYVILLE, et al.,

                Plaintiffs,

      -against-

NEW YORK CITY OF NEW YORK, et al.,

                Defendants.

20-CV-570 (LTS) (SDA)

ORDER

LAURA TAYLOR SWAIN, United States District Judge:

      Plaintiffs Alphonso Syville, Donald Lord, Anthony McDonald, Raymon Dash, Anthony Ashley, Issac Dickerson, Eugene Davis, and Alfred Wilder are proceeding in this action *pro se*. The Court has granted these plaintiffs' requests to proceed *in forma pauperis* ("IFP"). The plaintiffs are current or former residents of the Fort Washington Shelter for Homeless Single Men ("the shelter"), a homeless shelter in Manhattan that is allegedly operated by Project Renewal. They assert claims arising from the conditions of the shelter and the actions of the shelter's staff, employees of the New York City Department of Homeless Services ("DHS"), Sera Security (a private security firm), Oasis (a drug-addiction treatment provider), and the New York City Housing Authority ("NYCHA").

      For the reasons set forth below, the Court (1) dismisses the plaintiffs' claims against DHS, (2) severs the claims of Plaintiffs Donald Lord, Anthony McDonald, Raymon Dash, Anthony Ashley, Issac Dickerson, Eugene Davis, and Alfred Wilder from this action and from each other under Rule 21 of the Federal Rules of Civil Procedure, and directs the Clerk of Court to open the claims of each of those plaintiffs as a new and separate civil action, and (3) consolidates this action with *Syville v. City of New York*, 1:20-CV-0571 (LTS) (SDA).

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

**DISCUSSION**

**A.    DHS**

The Court must dismiss the plaintiffs' claims against DHS because an agency of the City of New York, like DHS, is not an entity that can be sued. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Ghouneim v. DHS*, No. 1:19-CV-0748, 2019 WL 1207857, at *1 (S.D.N.Y. Mar. 13, 2019), *appeal dismissed*, No. 19-658, 2019 WL 4409920 (2d Cir. June 20, 2019). The Court notes that the City of New York is itself a named defendant. The Court therefore dismisses the plaintiffs' claims against DHS. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Severance**

Generally, Rule 20 of the Federal Rules of Civil Procedure allows multiple plaintiffs to join in one action if (1) they assert any right to relief jointly, severally, or arising out of the same transaction, occurrence, or series of transactions or occurrences, and (2) if any question of law or

fact in common to all plaintiffs will arise in the action. *See* Fed. R. Civ. P. 20(a)(1); *Kalie v. Bank of Am. Corp.*, No. 1:12-CV-9192, 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (Courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit'" (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979))).

Courts have the authority to deny joinder, or to order severance under Rule 21 of the Federal Rules of Civil Procedure, even without a finding that joinder is improper, if joinder "will not foster the objectives of the rule, but will result in prejudice, expense or delay." *McPhearson v. N.Y.S. Dep't of Corr. & Cmty. Supervision*, No. 7:17-CV-2531, 2018 WL 10128029, at *3 (S.D.N.Y June 19, 2018) (citation omitted); *see Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (Rule 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance"); *Ghaly v. U.S. Dep't of Agric.*, 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002) (noting that "district courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met").

In determining whether to deny joinder or order severance of parties, courts consider the requirements of Rule 20 and additional factors, "including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (considering motion to sever under Rules 20 and 21); *see also Laureano v. Goord*, No. 1:06-CV-7845, 2007 WL 2826649, at *8 (SD.N.Y. Aug. 31, 2007) (When considering severance, "courts should be guided by 'considerations of convenience, avoidance of prejudice to the parties, and efficiency'" (quoting *Hecht v. City of New York*, 217

F.R.D. 148, 150 (S.D.N.Y. 2003))), *report & recommendation adopted*, 2007 WL 2852770 (S.D.N.Y. Sept. 28, 2007).

The plaintiffs' claims stem from each plaintiff's individual experiences at the shelter and with NYCHA and, therefore, do not arise out of the same transactions or occurrences or involve common questions of law or fact. But even if the plaintiffs' claims were properly joined, the Court finds that the practical realities of managing this *pro se* multi-plaintiff litigation militate against adjudicating the plaintiffs' claims in one action. As *pro se* litigants who are not attorneys, each plaintiff may appear only on his own behalf; none of them may advocate another's claims. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'") (citations omitted); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

In addition, Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading, written motion, or other paper be signed personally by every party who is unrepresented. *See* Fed. R. Civ. P. 11(a). Thus, if this action were to proceed with all the plaintiffs, they would each be required to sign every motion, notice, or other submission to be filed. But because not all of the plaintiffs currently reside in the shelter, and because those that do could be transferred to another shelter, or end their residence at the shelter at any time, the plaintiffs would have, at best, only a very limited opportunity to discuss case strategy, share discovery, or even provide each other with copies of the submissions that they were to file with the Court. This can result in piecemeal submissions, delays, and missed deadlines. *Cf. McPhearson*, 2018 WL 10128029, at *3 (severing a *pro se* action brought by multiple prisoners into individual actions under Rule 21 because if not

severed, "piecemeal and contradictory submissions, delays, and missed deadlines [would] continue to obstruct the progress of [that] action, . . . would result in unfairness to Plaintiffs and [would] not serve the ends of judicial economy"); *Perkins v. City of New York*, No. 1:14-CV-3779, 2014 WL 5369428, at *1 (S.D.N.Y. Oct. 20, 2014) (severing a *pro se* action brought by multiple prisoners into individual actions under Rule 21 because of the "many infirmities in the Complaint," security considerations, and the plaintiffs' likely inability to jointly litigate the action because they were housed in different facilities or given limited opportunities to associate).

Because of these logistical issues, the Court concludes that allowing this action to proceed with multiple plaintiffs would not be fair to the plaintiffs and would not achieve judicial economy. Allowing each plaintiff to proceed separately, on the other hand, would facilitate the fair and efficient disposition of the litigation.

Accordingly, the Court severs the claims of Plaintiffs Donald Lord, Anthony McDonald, Raymon Dash, Anthony Ashley, Issac Dickerson, Eugene Davis, and Alfred Wilder from this action and from each other. The Clerk of Court will open a new and separate civil action for each of those plaintiffs, and will docket copies of the Complaint (ECF 2), the corresponding declaration (ECF 42, at 5, 6, 7, 8, 9, 10, or 11), the corresponding IFP application (ECF 5, 7, 14, 15, 16, 18, or 29), the Court's February 25, 2020 and May 8, 2020 Orders (ECF 36 & 48), the corresponding Order granting IFP status (ECF 45, 46, 47, 49, 50, 51, or 52), and this Order in those new civil actions. The new civil actions will proceed independently from this point on.

**C.     Consolidation**

Under Rule 42 of the Federal Rules of Civil Procedure, a district court may consolidate one civil action with another civil action pending in the same court if both actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). When actions are consolidated, they are

"join[ed] together . . . without . . . los[ing] their independent character." *Hall v. Hall*, 138 S. Ct. 1118, 1124-25 (2018). But "[t]he proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court [is] to consolidate them under Rule 42(a)." *Miller v. USPS*, 729 F.2d 1033, 1036 (2d Cir. 1984).

"A district court can consolidate related cases under [Rule 42(a)] *sua sponte*." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). And "[i]n assessing whether consolidation is appropriate . . . , a district court should consider both equity and judicial economy." *Id.* But "efficiency cannot be permitted to prevail at the expense of justice – consolidation should be considered when 'savings of expense and gains of efficiency can be accomplished *without sacrifice of justice.*'" *Id.* (citation omitted, emphasis in original).

The remaining claims in this action are Plaintiff Alphonso Syville's; they arise from injuries Syville suffered, between June 2019 and the present, as a result of the shelter's conditions and because of the actions of its staff, DHS employees, Sera Security, Oasis, and NYCHA. Syville sues the City of New York, Project Renewal (the shelter's operator), Mayor DeBlasio, NYCHA, Oasis (a drug-addiction treatment provider), and Sera Security (a private security firm). He has brought another *pro se* action in this Court, *Syville*, 1:20-CV-0571 (LTS) (SDA), arising from injuries he suffered as a result of the January 14, 2020 actions of the shelter's staff and DHS officials, in which he sues the City of New York, Project Renewal, and the director of the shelter. (*Syville*, ECF 1:20-CV-0571, 2.)

It is clear that this action, which is now comprised of only Syville's claims, and *Syville*, 1:20-CV-0571 (LTS) (SDA), in which Syville is the only plaintiff, involve the same issues of fact and law, and involve the same principal parties. And it is also clear that it would be far more efficient, and that justice would not suffer, if the Court would address these two actions together.

The Court therefore consolidates these two actions, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

The Court notes that by Order dated April 22, 2020, in *Syville*, 1:20-CV-0571 (LTS) (SDA), Magistrate Judge Aaron extended Syville's time to file an Amended Complaint until June 15, 2020. (*Id.* ECF:1-20-CV-0571, 12.) Syville shall include in his Amended Complaint in that action the claims that he has asserted in this action, so that all of his claims from both actions can proceed together in *Syville*, 1:20-CV-0571 (LTS) (SDA), and so the Court can administratively close this action.

## CONCLUSION

Chambers will mail a copy of this Order to Plaintiffs Donald Lord, Anthony McDonald, Raymon Dash, Anthony Ashley, Issac Dickerson, Eugene Davis, and Alfred Wilder. Plaintiff Alphonso Syville has consented to electronic service of Court documents. (ECF 3.)

The Court dismisses the plaintiffs' claims against the New York City Department of Homeless Services. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court severs the claims of Plaintiffs Donald Lord, Anthony McDonald, Raymon Dash, Anthony Ashley, Issac Dickerson, Eugene Davis, and Alfred Wilder from this action and from each other.

The Court directs the Clerk of Court to (1) open a new and separate civil action for each of those plaintiffs, and (2) docket copies of the complaint (ECF 2), the corresponding declaration (ECF 42, at 5, 6, 7, 8, 9, 10, or 11), the corresponding IFP application (ECF 5, 7, 14, 15, 16, 18, or 29), the Court's February 25, 2020 and May 8, 2020 Orders (ECF 36 & 48), the corresponding Order granting IFP status (ECF 45, 46, 47, 49, 50, 51, or 52), and this Order in those new civil actions.  The undersigned accepts the assignment of each of the actions as a related case, to facilitate any feasible coordination of case management.

The Court consolidates this action with *Syville v. City of New York*, 1:20-CV-0571 (LTS) (SDA).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 15, 2020
         New York, New York

                                                   /S/ LAURA TAYLOR SWAIN
                                                   LAURA TAYLOR SWAIN
                                                   UNITED STATES DISTRICT
                                                   JUDGE

Mail to:
Donald Lord
Fort Washington Shelter for Homeless Men
651 W. 168th St.
New York, NY 10032

Mail to:
Anthony McDonald
Fort Washington Shelter for Homeless Men
651 W. 168th St.
New York, NY 10032

Mail to:
Raymon Dash
Fort Washington Shelter for Homeless Men
651 W. 168th St.
New York, NY 10032

Mail to:
Anthony Ashley
Fort Washington Shelter for Homeless Men
651 W. 168th St.
New York, NY 10032

Mail to:
Issac Dickerson
Fort Washington Shelter for Homeless Men
651 W. 168th St.
New York, NY 10032

Mail to:
Eugene Davis
Fort Washington Shelter for Homeless Men
651 W. 168th St.
New York, NY 10032

Mail to:
Alfred Wilder
Fort Washington Shelter for Homeless Men
651 W. 168th St.
New York, NY 10032